IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RMC PUBLICATIONS, INC. et. al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:07-CV-2139-O (BF) |
| § | |
| DOULOS PM TRAINING, et. al., § | |
| § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for pretrial management, including recommendations on dispositive motions. Plaintiffs RMC Publications, Inc. and RMC Project Management, Inc. ("Plaintiffs"), seek a civil contempt sanction against Defendants Doulos PM Training and Gary Rechtfertig ("Defendants"). (Doc. 65).

### Background

On October 15, 2008, Plaintiffs filed a Motion to Compel Discovery Responses (doc. 46). On October 22, 2008, Defendants' counsel filed a Motion to Withdraw as Attorney for Defendants. (doc. 51). On October 23, the Court entered an Order Setting Hearing on the Motion to Compel, and the Clerk mailed the order to Defendant Gary Rechtfertig ("Rechtfertig") by certified mail and regular mail. Defendants' counsel filed a Supplemental Motion to Withdraw (doc. 53). Rechtfertig filed a response (doc. 55). After a hearing the District Court granted Defendant's counsel's motions to withdraw, credited Rechtfertig's statement that he is a sole proprietor doing business as Doulos PM Training, and allowed Rechtfertig to proceed pro se (doc. 58).

On December 15, 2008, this Court held a hearing on Plaintiffs' Motion to Compel Discovery Responses (doc. 46). Rechtfertig failed to appear, and this Court granted Plaintiffs' Motion and

ordered Defendants to "fully answer all outstanding discovery within fifteen days of the date of this order." (Doc. 62). Despite this Court's Order, no discovery responses have been received by Plaintiffs. Following the hearing on Plaintiffs' Motion to Compel Discovery Responses, Plaintiffs' counsel sent an email to Rechtfertig regarding Defendants nonappearance at the hearing and to confer regarding scheduling. (Pl.s' App. at 3). In response to this email, Rechtfertig stated: "As I indicated in my letter to Judge Reed O'Connor it is financially burdensome for me to pay any litigation expenses going forward. That has not changed. If that means we go to default and allow judgment then so be it. There is no reason to move forward with any litigation." (Pl.s' App. at 4). Upon receipt of the email from Rechtfertig, Plaintiffs' counsel responded, noting Defendants' refusal to participate in a conference to discuss scheduling and inquiring whether Defendants intend to comply with the Court's Order and serve responses to Plaintiffs' written discovery. (Pl.s' App. at 5). Defendants have not responded. Additionally, on December 18, 2008 and December 23, 2008, Plaintiffs' counsel corresponded with Defendants by email. Defendants' communication revealed that Defendants do not intend to comply with the Court's Order or otherwise participate in this litigation.

Based upon Defendants' complete failure to comply with the Court's Order or with their obligations to provide discovery, Plaintiffs seek an order granting sanctions against Defendants, striking Defendants' answer to enable Plaintiffs to obtain a default judgment, and granting Plaintiffs' reasonable costs and attorney fees. For the reasons that follow, the Court recommends that the District Court grant Plaintiffs the full relief they request.

## Analysis

The purpose of a civil contempt sanction "is to coerce the contemnor into compliance with a court order, or to compensate another party for the contemnor's violation." *Quilling v. Funding Resource Group*, 227 F.3d 231, 234 (5th Cir. 2000). For a court to order civil contempt sanctions, the court must find by clear and convincing evidence "(1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 290-291 (5th Cir. 2002). The court need not find that the failure to comply was willful, but merely that the offending party failed to comply with the order. *American Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000). "Upon a finding of contempt, the district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005).

This Court convened a hearing on Plaintiffs' Motion to Compel, but Defendants failed to appear. Then this Court convened a hearing on Plaintiff's Motion for Contempt, and once again, Defendants failed to appear after proper notice. (Doc. 70, Ex. "C"). The Court finds that Defendants' absolute refusal to appear before the Court and to comply with the Court's December 18, 2008 Order or otherwise respond to Plaintiffs' proper discovery requests warrants a finding of civil contempt sanctions. Defendant Rechtfertig's own correspondence shows that he intends to take no action in this case, even in the face of a court order requiring specific conduct. (Pl.s' App. at 4).

In this case, monetary sanctions alone will not redress the harm Defendants have caused Plaintiffs, nor will it ameliorate the waste of judicial resources. Defendants' inaction hinders Plaintiffs' ability to conduct further discovery, including depositions, and prejudices the development and progression of the entire case. Accordingly, as sanctions, the District Court should strike Defendants' answer, so that a default judgment may be entered against Defendants pursuant

to Rule 37(b)(2)(A)(vi).  *See, e.g., Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990).

## **Recommendation**

This Court recommends that the District Court grant Plaintiffs' Motion for Contempt, strike Defendants' First Amended Answer, and award Plaintiffs all reasonable costs and attorney fees.

SO RECOMMENDED, April 22, 2009.

*[signature]*
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).