IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RMC PUBLICATIONS, INC. and RMC PROJECT MANAGEMENT, INC., | § § § | |
| Plaintiffs, | § | |
| v. | § § | CIVIL ACTION NO. 3:07-CV-2139-O |
| DOULOS PM TRAINING, and GARY RECHTFERTIG | § § § | |
| Defendants. | § § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are Plaintiffs' Application for Entry of Default Judgment and Notice to Defendants (Doc. #76) ("Plaintiffs' Motion"), Brief / Memorandum in Support (Doc. #77) ("Plaintiffs' Brief"), and Appendix in Support (Doc. #78) ("Plaintiffs' Appendix"). Defendants have not responded. As discussed below, Defendants had already informed the Court they anticipated default judgment and were prepared to accept it. For reasons set out below, the Court concludes that default judgment should be **GRANTED.**

I.   <u>BACKGROUND</u>

On February 13, 2007, RMC Publications, Inc., and RMC Project Management, Inc., (collectively, "Plaintiffs") filed this suit against Doulos PM Training and Gary Rechtfertig (collectively, "Defendants") alleging copyright infringement and breach of a software licensing agreement. Jurisdiction obtained under the Copyright Act and diversity, with supplemental jurisdiction for the state law claim. Plaintiffs sought "actual damages and to recover the improper profits obtained by Defendants through their infringement." Pl.'s Compl. at 9. Plaintiffs further "reserve[d] the right to elect statutory damages as provided under the Copyright

Act." *Id.* Plaintiffs also sought injunctive relief and attorney's fees. Pl.'s Compl. at 10.

The suit was filed in the District of Minnesota on February 13, 2007, and transferred on December 21, 2007, upon a motion by Defendants. Doc. # 27. The record reflects that Defendants had been served with process and the summons returned executed on March 5, 2007. Doc. # 3. Difficulties arose between Defendants and their Texas counsel, who moved to withdraw, generally alleging that Defendants were not following his advice and acting pro se in dealing with Plaintiffs' counsel. Doc. # 51. Subsequently, Defendants' counsel notified the court by supplement that he had been discharged as their attorney. Doc. # 53. The Court heard the matter on November 20, 2008, and at the conclusion of that hearing granted the motion to withdraw.[1] Doc. # 58. The Court found that Gary Rechtfertig, the individual defendant, operated Doulos PM Training, the business entity Defendant, as a sole proprietorship, and granted the right to proceed pro se. *Id.*

This occurred in the course of a dispute over Defendants' refusal to cooperate in the discovery process, as subsequently found by a magistrate judge to whom the matter was referred *See* Doc. #62. Plaintiffs' Brief in Support of Motion to Compel Discovery Responses stated that Defendants' counsel had relayed that Defendants would not respond to any discovery requests. Doc. # 47 at 2. Upon referral, Doc. # 50, a magistrate judge convened a hearing on December 15, 2008, at which Rechtfertig refused to appear. Doc. # 62. The magistrate judge ordered compliance with the discovery requests within fifteen days. *Id.*

Plaintiffs filed a Motion for Contempt against Defendants on February 9, 2009 and attached a copy of an email from Rechtfertig stating that:

---

[1] Defendants' counsel of record in Minnesota was likewise permitted to withdraw. *Id.*

> ... it is financially burdensome for me to pay any litigation
> expenses going forward. That has not changed. If that means we go
> to default and allow judgment then so be it. There is no reason to
> move forward with any litigation.

Doc. # 60 at 2. Per the Brief in Support of the Motion for Contempt, Plaintiffs' counsel then had

no further response from Rechtfertig in attempting to confer regarding scheduling and

attempting to obtain the overdue discovery. *Id.*

The matter was set for hearing before the magistrate judge on April 1, 2009. Doc. # 69.

Despite proper notice, Rechtfertig once again failed to appear. Doc. # 72. Upon the conclusion of

the hearing, the magistrate judge made findings that the Defendants were absolutely

uncooperative and that this Court should "strike Defendants' answer, so that a default judgment

may be entered against them pursuant to Rule 37(b)(2)(A)." Doc. # 72 at 3-4 (citing *Coane v.

Ferrara Pan Candy Co.,* 898 F.2d 1030, 1032 (5th Cir. 1990)).

Plaintiffs subsequently sought to meet with Defendants in a required settlement

conference. Doc. # 75. Rechtfertig said he would engage in a settlement discussion by

September 14, 2009. *Id.* at 2. However, no conference appears of record now, many months past.

The defensive pleadings having been stricken, Plaintiffs have now applied for Entry of

Default Judgment. Doc. # 76.

## II.   LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure ("Rule 55") sets forth certain conditions

under which default may be entered against a party, as well as the procedure by which a party

may seek the entry of default judgment.  FED. R. CIV. P. 55.  The Fifth Circuit requires a three-

step process for entering a default judgment. *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141

(5th Cir. 1996).  First, a *default* occurs when a defendant has failed to plead or otherwise respond

to the complaint within the time required by the Federal Rules.  FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141.  Next, an *entry of default* may be entered when the default is established by affidavit or otherwise.  *Id.*  Third, a plaintiff may then apply to the clerk or Court for a *default judgment* after an entry of default is made.  FED. R. CIV. P. 55(b); *New York Life Ins.*, 84 F.3d at 141.

The Defendants' pleadings have been stricken, leaving all averments in Plaintiffs' complaint deemed admitted. The Court must first decide whether an entry of default is warranted.  FED. R. CIV. P. 55(b).

## III.   DISCUSSION

### 1.   Default

The record reflects that this Court has sought through many months of litigation to get the Defendants to engage in the litigation responsibly. Certainly, "orders dismissing [an] action or granting judgments on default as sanctions for violating discovery orders are generally deemed appropriate only as a last resort, or when less drastic sanctions would not ensure compliance with a court's orders." 7-37 MOORE'S FEDERAL PRACTICE - CIVIL § 37.50 [2][a]. However, with perhaps admirable frankness and inescapable clarity, Defendants themselves have established that a lesser sanction than default judgment will have no effect other than delaying the inevitable conclusion of the case.

The intent of Defendants to avoid responsive participation in the case, including adherence to routine scheduling and discovery orders, is not only apparent and willful, it is explicit in their few communications. It is further apparent that any lesser sanction than proceeding to default judgment would serve no purpose but to delay proceedings to the continued prejudice of Plaintiffs' right to efficient judicial management of this litigation.

- 4 -

Accordingly, the Court concludes that an entry of default is warranted. The Court now turns to the issue of default judgment.

### 2.   **Judgment**

Having found that Defendant is in default, the Court will next examine whether entry of a default judgment should follow.  The Fifth Circuit has held that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).  Based on that legal premise, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).  A default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

A district court in the Fifth Circuit looks to the following six factors when considering whether to grant a default judgment: (1) if the default was caused by a good faith mistake or excusable neglect; (2) if there has been substantial prejudice; (3) the harshness of a default; (4) if there are material issues of fact; (5) if grounds for a default judgment are clearly established; and (6) if the court would think it was obligated to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998) (holding that a district court did not commit an abuse of discretion when denying a motion for default judgment when the factors on balance weighed against granting the motion).

Again, Defendants' frank admissions have made this decision relatively easy. The default is explicitly deliberate; it has resulted in litigation in which Plaintiffs have expended substantial time and resources without receiving the usual benefits of discovery and other results of litigation; and while all default judgments are harsh, this one is invited. With no material factual

issues in dispute, and the grounds for default clearly established, the Court does not think it would be obligated to set the default judgment aside upon a motion from Defendants.

The Court concludes that default judgment should be entered against Defendants in this case and turns now to its details.

### 3.    Damages

In awarding damages, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Therefore, the relief prayed for in a complaint limits the relief available on default judgment.

This action was brought because of copyright infringement by Defendants. Under section 504 of the Copyright Act an infringer is liable for statutory damages. 17 U.S.C. § 504(a)(2). A copyright owner "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. §504(c)(1). "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 USCS § 504(c)(2). Additionally, Section 505 of the Copyright Act authorizes the courts to award costs. 17 U.S.C. § 505.

Plaintiffs request the Court enter judgment awarding damages in the amount of either actual damages in the amount of $83,361.20(Pl.'s Brief at 6-7; Pl.'s App. at 85, ¶9) or statutory enhanced damages of up to $150,000 (Pl.'s Brief at 7-8). Plaintiffs have well documented and articulated the determination of the actual damages amount. See Pl.'s App. 78-210. Further, Plaintiffs make a convincing argument supporting the award of statutory enhanced damages,

Pl.'s Brief at 7-8, well supported in their appendix. Pl.'s App. at 135-150.

The Court concludes that the infringement was committed willfully and that is appropriate to award statutory enhanced damages. However, the Court does not conclude that the maximum award is warranted here. Defendants' infringement was egregious, but they have been frank in default.

Accordingly, the Court will enter a default judgment consistent with its findings herein.

### 4.    **Attorney Fees and Costs**

In a civil action for copyright infringement, "the court in its discretion may allow the recovery of full costs ... [and] a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Plaintiff correctly notes that in this jurisdiction "[a]n award of attorney's fees to the prevailing party in a copyright action, although left to the trial court's discretion, 'is the rule rather than the exception and should be awarded routinely.'" Pl.'s Brief at 9 (citing *Sony Pictures Home Entertainment v. Lott*, 471 F.Supp.2d 716, 723 (N.D.Tex. 2007) (citations omitted)).

The Supreme Court has stated that there is "no precise rule or formula" by which to decide whether to award attorney fees under Section 505. *Fogerty v Fantasy, Inc.,* 510 US 517, 534 (1994) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 436-37 (1983). Non-exclusive "factors include 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id. at* 534, n. 19 (quoting *Lieb v. Topstone Indus., Inc.,* 788 F.2d 151, 156 (3rd Cir. 1986).

In view of the foregoing account of this litigation, the Court chooses to award reasonable attorney fees to Plaintiffs. The Fifth Circuit uses the lodestar method for calculating reasonable

attorney's fees. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The first step under the lodestar method is to determine the "lodestar" amount by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See La. Power & Light Co.*, 50 F.3d at 324. In the second step of the lodestar method, a court considers whether the lodestar figure should be adjusted upward or downward depending on its analysis of additional factors. *Id.* Plaintiffs have submitted highly detailed billing records and records of costs, Pl.'s App. at 17-73, with an authoritative study establishing the standard billing rights for intellectual property attorneys nationally and here in Texas. Pl.'s App. at 74-77.

Based on the foregoing analysis of facts and legal principles, upon review of the material submitted by Plaintiffs, the Court concludes that Plaintiffs should be awarded attorneys' fees and costs.  Accordingly, the Court will enter a default judgment consistent with its findings herein.

## IV.   CONCLUSIONS

The Court concludes that default judgment should be entered against Defendants with statutory enhanced damages of $100,000, based on this Court's conclusion that Defendants engaged in willful infringement of Plaintiffs' copyright.  Further, the Court concludes it should exercise its discretion to award Plaintiffs $105,211.45 in reasonable attorneys' fees and $4,500.74 in costs.

## V.   JUDGMENT

The Court **ORDERS** that a default judgment be entered against Defendants with damages of $150,000, attorney fees of $105,211.45, and $4,500.74 in costs.

An Order of Final Judgment will be separately entered.

Signed this 3rd day of March, 2010.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**